```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CARLOS CUZCO, LUIS V. TITO, and ISIDRO    :
GALINDO, on behalf of themselves, FLSA     :
Collective Plaintiffs, and the Class,      :
                                           :
                           Plaintiffs,     :      13cv1859 (PAC)
                                           :
              -against-                    :      OPINION & ORDER
                                           :
                                           :
F&J STEAKS 37th Street LLC, et al.,        :
                                           :
                           Defendants.     :
------------------------------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-28-14

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Carlos Cuzco, Luis V. Tito, and Isidro Galindo (collectively, "Plaintiffs")[1] bring this action against F&J Steaks 37th Street LLC d/b/a Frankie & Johnnie's Steakhouse, Five and One Inc. d/b/a Frankie & Johnnie's Steakhouse, Van Panopoulos, Peter Chimos, Gus V. Panopoulos, Russ Panopoulos, and Gus Chimos (collectively, "Defendants")[2] for unpaid wages and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") on behalf of themselves and other non-exempt persons employed by Defendants. Plaintiffs allege that Defendants violated the FLSA and NYLL in a number of ways, including by failing to provide tip credit or wage notices to their employees. Defendants move for partial dismissal for the following two reasons: (1) Plaintiffs fail to state a claim under the NYLL for failure to provide tip credit notices prior to 2011 because notice was

---

[1] Plaintiffs are former employees of F&J Midtown. See Third Amended Class and Collective Action Complaint ("Compl."), ECF No. 32, ¶¶ 26, 28, 30. Plaintiff Carlos Cuzco worked as a busboy from November 2004 to May 2013. Id. ¶¶ 26-27. Plaintiff Luis V. Tito worked as a waiter from June 1984 to August 2012. Id. ¶ 28. Plaintiff Isidro Galindo worked as a dishwasher from August 2007 to August 2012. Id. ¶ 30.

[2] On January 9, 2014, the claims against Defendants F&J Steaks Rye LLC d/b/a Frankie & Johnnie's Steakhouse and Jennifer Mylonas were dismissed with prejudice. See Stipulation and Order of Final (Partial) Dismissal With Prejudice, ECF No. 42.

not a prerequisite to taking the credit until then, and (2) Plaintiffs lack standing to assert claims under the NYLL for failure to provide wage notices because the Plaintiffs were hired prior to 2011. Accordingly, Defendants' motion for partial dismissal is DENIED.

## DISCUSSION

### I. Plaintiffs State a Claim for Failure to Provide Tip Credit Notices Under the NYLL

#### A. Legal Standard

To state a claim for relief, a plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all well-pleaded factual allegations and draws all inferences in Plaintiff's favor. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). In evaluating a motion to dismiss, the Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI*, 493 F.3d at 98.

#### B. Analysis

NYLL requires employers to pay non-exempt employees minimum wage and overtime. *See* N.Y. Lab. Law § 652(1). Employers, however, may take a credit for tips received by a food

service employee in satisfying the minimum wage and overtime obligations. *See id.* § 652(4). Known as the "tip credit," "New York state law allows employers to credit a portion of an employee's tips . . . as allowances against the minimum wage requirement when certain preconditions are met." *See Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309 (E.D.N.Y. 2009).

Prior to January 1, 2011, New York State regulations required notice of the tip credit to employees in three ways: (1) by posting a notice at the workplace summarizing minimum wage provisions, *see* Declaration of C.K. Lee in Opposition to Defendants' Partial Motion to Dismiss ("Lee Decl."), ECF No. 37, Ex. A, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.3; (2) by furnishing employees a statement with each paycheck listing allowances claimed as part of the tip credit, *see id.* § 137-2.2; and (3) by maintaining weekly payroll records showing the allowances claimed, *see id.* § 137-2.1. On December 13, 2010, the Wage Theft Prevention Act ("WTPA") was signed into law. *See id.*, Ex. B, Bill S8380-2009, Revised 06/29/10, Summary of Specific Provisions. On January 1, 2011, the New York Hospitality Wage Order ("NYHWO"), which implemented portions of the WTPA, went into effect and provides that "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit . . . ." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3.

Defendants argue that Plaintiffs cannot recover on his NYLL claim for failure to receive tip credit notices prior to the NYHWO's effective date of January 1, 2011. *See* Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) ("Def.'s Mot."), ECF No. 34, at 8-13. Specifically, Defendants claim that employers who violated the notice obligations under 12 N.Y.C.R.R. § 137.7-2.1-2.3 prior to January 1, 2011 were only subject to civil penalties, not

invalidation of the tip credit. *See id.* at 10. According to Defendants, it was only when state law was changed by the NYHWO that an employer was required to give notice as a prerequisite to claiming the tip credit. *See id.* at 10-13. Since Plaintiffs seek invalidation of the tip credit and unpaid wages for before 2011, Defendants seek dismissal of those allegations.

Defendants' argument, however, skips over a main purpose in enacting the WTPA: to clarify existing regulations. According to the text of the Senate bill adopting the WTPA, the new notice language merely "[c]larifies that employer must disclose intent to claim allowances (like tip or meal allowances) as part of the minimum wage," "[a]mends statutory payroll record and paystub requirements to include information currently required pursuant to regulation," and "[a]mends statute to require employers to maintain copies of payroll records for six years (as is currently required by regulation)." *See* Lee Decl., Ex. B, Bill S8380-2009, Revised 06/29/10, Summary of Specific Provisions. In fact, the Report and Recommendation and Commissioner's Order cited by Defendants further demonstrate that the NYHWO was meant to clarify the existing notice requirements, not impose new preconditions. *See* Declaration of Felice B. Ekelman in Support of Defendants' Partial Motion to Dismiss ("Ekelman Decl."), ECF No. 35, Ex. D, Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor, at 8 ("The Board recommends that the consolidated wage order provide clear and concise guidance to employers and employees, so that both parties may understand the law and, therefore, comply with it. . . . Providing an employer with concise guidance on the appropriate notice will remove any uncertainty as to this issue." (internal citations omitted)); *id.*, Ex. E, Order of the Commissioner of Labor M. Patricia Smith on the Report and Recommendation of the 2009 Wage Board, at 1 ("Several changes would add language intended to provide clearer guidance to employers.").

Furthermore, Defendants provide no explanation for why they would have been subject only to civil penalties, not invalidation of the tip credit, under the pre-2011 regulations. *See* Def.'s Mot. at 10. Indeed, many courts—including this one—have held employers liable under the pre-2011 regulations for unpaid wages where they failed to provide notice of the tip credit. *See, e.g., Chen v. TYT East Corp.*, No. 10 Civ. 5288(PAC), 2012 WL 5871617, at *5-6 (S.D.N.Y. Mar. 21, 2012) (holding defendants liable for wages from September 1, 2009 through April 22, 2010 when they did not notify the employee of the tip credit under the NYLL); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011) (holding defendants liable for wages prior to 2011 "[u]nder the regulations in force during the events of this lawsuit"); *Padilla*, 643 F. Supp. 2d at 309-10 (granting plaintiff's motion for summary judgment on her minimum wage claims where Defendants failed to comply with the notice requirements between October 2003 until May 2006).[3] Similarly, the Court holds that Plaintiffs may maintain a cause of action for unpaid wages prior to January 1, 2011 for Defendants' alleged failure to provide notice of the tip credit.

## II. Plaintiffs Have Standing to Bring Claims for Failure to Provide Wage Notices Under the NYLL

### A. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

---

[3] Defendants respond these "district courts have not always gotten this right," and instead cite to a "number of decisions which support Defendants' position." *See* Def.'s Mot. at 11-12. This is not an adequate reason to change the Court's previous opinion. These cases did not directly address the issue here and therefore only marginally support Defendants' position. *See Azkour v. Little Rest Twelve, Inc.*, 10 Civ. 4132, 2012 U.S. Dist. LEXIS 16039, at *17-20 (S.D.N.Y. Feb. 7, 2012) (describing a notice requirement under the FLSA but not mentioning notice as a requirement under the NYLL); *Jin v. Pac. Buffet House*, CV-06-579, 2009 U.S. Dist. LEXIS 74901, at *10-12 (S.D.N.Y. Aug. 24, 2009) (invalidating the tip credit under the FLSA, but not the NYLL, as a result of defendants' failure to provide notice); *Chan v. Triple 8 Palace, Inc.*, 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780, at *72 (S.D.N.Y. Mar. 31, 2006) (holding that it "remains unclear whether and in what sense" defendants can be liable for failure to provide adequate notice).

when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). In ruling on a Rule 12(b)(1) motion, the court "may consider materials extrinsic to the complaint." *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002). Since federal courts are courts of limited subject matter jurisdiction, *see Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), "[t]here are no presumptions in favor of the jurisdiction of the courts of the United States." *Ex Parte Smith*, 94 U.S. 455, 456 (1876). Rather, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### B. Analysis

Under the NYLL, employers must also provide employees with wage and hour notices. *See* N.Y. Lab. Law § 195(1)(a) (requiring that the notice contain the rate of pay, whether paid by hour, shift, week, day, commission, etc.). Specifically, an employer must provide employees with wage and hour notices (1) "at the time of hiring" and (2) "on or before February first of each subsequent year of the employee's employment with the employer." *See id.* "If any employee is not provided within ten business days of his or her first day of employment a notice as required by § 195(1) . . ., he or she may recover in a civil action [for damages] . . . ." *Id.* § 198(1-b). Furthermore, the Commissioner of Labor may "bring any legal action necessary" "[o]n behalf of any employee not provided a notice as required by § 195(1)." *Id.* These requirements went into effect on April 9, 2011.

Defendants argue that the NYLL only confers a private right of action upon those who did not receive a wage notice at the time of hiring. *See* Def.'s Mot. at 13-15. Since Plaintiffs were hired before the requirement went into effect, Defendants claim that Plaintiffs lack standing

to bring claims for failure to provide wage notices. *See id.* But the legislature could not have intended to confer a private right of action upon new employees, while depriving existing employees of the same right. That result would make little sense in light of the legislature's intent in enacting the WTPA: to expand the rights of all employees. *See* Lee Decl., Ex. B, Bill S8380-2009, Revised 06/29/10, Summary of Specific Provisions ("The WTPA seeks to expand the rights of employees to seek civil and criminal avenues of remedy for their employers failing to follow labor law appropriately and the specifications therein."). Nothing in the rationale for the WTPA even suggests that new employees should receive greater protections. *See id.* In fact, the Department of Labor interprets the statute to require that "[e]mployers in the hospitality industry . . . give notice every time a wage rate changes." *See* Lee Decl., Ex. C, N.Y. Dep't of Labor, WTPA Fact Sheet, at 2. As a result, Plaintiffs may maintain a cause of action on behalf of workers who did not receive a wage notice every time their wage rate changed after April 9, 2011.

## CONCLUSION

Accordingly, Defendants' motion for partial dismissal is DENIED.

Dated: New York, New York
       May 28, 2014

SO ORDERED

/s/ Paul A. Crotty
_____
PAUL A. CROTTY
United States District Judge