UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CARLOS CUZCO, LUIS V. TITO, and ISIDRO
GALINDO, on behalf of themselves, FLSA
Collective Plaintiffs, and the Class,

                Plaintiffs,

      -against-

F&J STEAKS 37th Street LLC, *et al.*,

               Defendants.
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 8, 2014

13cv1859 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On May 28, 2014, the Court denied Defendants F&J Steaks 37th Street LLC d/b/a Frankie & Johnnie's Steakhouse, Five and One Inc. d/b/a Frankie & Johnnie's Steakhouse, Van Panopoulos, Peter Chimos, Gus V. Panopoulos, Russ Panopoulos, and Gus Chimos's (collectively, "Defendants") partial motion to dismiss. Specifically, the Court held that (1) Plaintiffs stated a claim under the NYLL for failure to provide tip credit notices prior to 2011 because notice was a prerequisite to taking the credit, and (2) Plaintiffs had standing to assert claims under the NYLL for failure to provide wage notices even though the Plaintiffs were hired prior to 2011. *See* Opinion and Order, ECF No. 52.

On June 11, 2014, Defendants moved for reconsideration of the Court's first holding because "the Court overlooked and/or misinterpreted the statutory text and plain legislative history of the New York Department of Labor regulations." *See* Def.'s Mot., ECF No. 63, at 2-3. Specifically, Defendants rely on one paragraph from the Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor, issued on September 18, 2009. *See* Declaration of Felice B. Ekelman in Support of Defendants' Partial Motion to Dismiss ("Ekelman Decl."), ECF No. 35, Ex. D, at 3. But the Court previously considered that document

in its entirety and held that it supported Plaintiffs' position. *See* Opinion and Order, ECF No. 52, at 4 ("In fact, the Report and Recommendation . . . cited by Defendants further demonstrate[s] that the NYHWO was meant to clarify the existing notice requirements, not impose new preconditions."). Since Defendants fail to point to clear error or manifest injustice, *see Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), or "data that the court overlooked," *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), their motion for reconsideration is DENIED.

Dated: New York, New York
August 8, 2014

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge